IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION-Columbus

| | |
|---|---|
| KELLY LINCOLN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: _____ |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | **COMPLAINT** |
| Defendant. ) | |
| ) | |

NOW COMES the Plaintiff Kelly Lincoln, by her attorneys, Kelly J. Guice, and the law firm of Jan Dils Attorneys at Law, LC, pursuant to Fed. R. Civ. P. 3 and the local rules of this Court, and for her Complaint against Defendant United States of America does hereby set forth as follows:

**PARTIES**

1) Plaintiff Kelly Lincoln is, and was at all times relevant hereto, a resident of Marietta, Washington County, Ohio.

2) Defendant is the United States of America. Pursuant to Fed. R. Civ. P. 4(i), service of this Complaint and the Summons are being made upon: 1) United States Attorney's Office, Attention Civil Process Clerk, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215; 2) Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and 3) Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528–0485.

## JURISDICTION AND VENUE

3) This civil action concerns a claim for money damages against the United States of America for personal injury and property damage caused by the negligent actions of its employee, brought pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), set forth in 28 U.S.C. § 2671, *et seq*. Accordingly, this Court has exclusive jurisdiction over this claim. *See* 28 U.S.C. § 1346(b).

4) Under the FTCA, an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. *See* 28 U.S.C. § 2675(a).

5) Pursuant to the FTCA, Plaintiff Kelly Lincoln submitted her written administrative claim to United States Department of Homeland Security on July 27, 2020. Plaintiff's written claim included an executed Standard Form 95, Claim for Damages or Injury, with a sum certain for damages stated therein in the amount of $1,000,000.00. Furthermore, Plaintiff's written claim included multiple attachments thereto, including a written description of Plaintiff's claim against the Department, a written summary of her injuries, medical treatment, and medical expenses attributable to the accident, a copy of the Ohio Traffic Crash Report taken by local law enforcement who responded to the accident, and Plaintiff's medical records and bills attributable to the injuries she sustained in the accident described further herein.

6) The United States Department of Homeland Security acknowledged receipt of Plaintiff's administrative claim on July 27, 2020.

7) Since the filing of Plaintiff's written administrative claim, the Plaintiff supplemented additional documentation regarding Plaintiff's ongoing medical treatment and damages to the Department's handling claims administrator.

8) On February 14, 2022, after the parties' failure to agree to a negotiated resolution of the underlying claim, the Department of Homeland Security issued a final denial of the Plaintiff's claim. Therefore, Plaintiff has exhausted her administrative remedies under the FTCA. *See* 28 U.S.C. § 2675(a). Accordingly, the United States has waived sovereign immunity under the FTCA, and the Plaintiff is permitted to initiate a lawsuit against the United States of America for her money damages.

9) The incident giving rise to Plaintiff's claim against the Defendant, described in greater detail below, occurred in Pataskala, Licking County, Ohio, within the Southern District of Ohio. Accordingly, venue is proper pursuant to 28 U.S.C. § 1402(b).

## FACTS

10) On July 30, 2018, at approximately 5:51 P.M. E.S.T., an unnamed employee of the United States Department of Homeland Security, referred to hereinafter as "John Doe", was operating a Department of Homeland Security motor vehicle.

11) At said time and place, John Doe was operating a 2017 White Ford Explorer, license plate number "G620942U".

12) At said time and place, John Doe was traveling eastbound on Broad Street, in Pataskala, Licking County, Ohio.

13) At said time and place, John Doe was operating the Department's vehicle within the course and scope of his employment with the Department of Homeland Security.

14) At said time and place, John Doe pulled off Broad Street and into a private driveway located at 12477 Broad Street, Pataskala, Ohio.

15) At said time and place, John Doe attempted to exit the private driveway and reenter Broad Street to travel westbound on said road.

16) At said time and place, and as John Doe exited the private driveway by making a left turn, John Doe failed to check for oncoming traffic from the eastbound lane of Broad Street.

17) At said time and place, Plaintiff Kelly Lincoln was operating a motor vehicle, traveling eastbound on Broad Street, in Pataskala, Licking County, Ohio.

18) At said time and place, Plaintiff Kelly Lincoln was operating a 2004 Jeep Grand Cherokee, a vehicle she owned.

19) At said time and place, John Doe carelessly, negligently, and unlawfully exited the private driveway without checking for oncoming traffic.

20) At said time and place, John Doe caused Plaintiff Kelly Lincoln's vehicle to strike the Department's vehicle on the driver's side rear portion of the same.

21) At the time of the collision described above, and upon information and belief, John Doe was not responding to an emergency call or other emergency situation requiring his immediate response thereto.

22) Plaintiff Kelly Lincoln could not have avoided the collision described above, and is free of any fault for causing the same.

## COUNT I: NEGLIGENCE

23) Plaintiff Kelly Lincoln reasserts and realleges each and every allegation contained in the preceding paragraphs of her Complaint as if set forth herein verbatim.

24) Under the FTCA, the United States may be held liable for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred *See* 28 U.S.C. § 1346(b).

25) As stated above, the motor vehicle accident at issue occurred in the State of Ohio. Accordingly, the substantive law of the State of Ohio applies in this civil action to determine the United States' liability regarding the injuries and damages Plaintiff Kelly Lincoln sustained because of the accident described herein.

26) The State of Ohio recognizes the doctrine of *respondeat superior*, which makes clear that a master is subject to liability for the torts of his servants committed while acting in the scope of their employment. *Osborne v. Lyles*, 587 N.E.2d 825, 828 (Ohio 1992). In order for an employer to be liable under the doctrine of *respondeat superior*, Ohio law establishes that the tort of the employee must be committed within the scope of employment. *Id*.

27) Since John Doe was operating the Department's vehicle in the course and scope of his employment with the Department of Homeland Security at the time of the accident, Ohio law dictates that Defendant United States of America is vicariously liable for John Doe's tortious conduct described further herein.

28) Ohio recognizes common-law negligence, in which a Plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, and the plaintiff suffered damages as a result of that breach. S*ee Chambers v. St. Mary's School*, 697 N.E.2d 198, 200 (Ohio 1998).

29) Under Ohio law, the operator of a vehicle…intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction, whenever the approaching vehicle, streetcar, or trackless trolley is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard. *See* O.R.C. § 4511.42. Any person who violates said provision is guilty of a misdemeanor. *Id.*

30) In the State of Ohio, an operator of a vehicle… about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed. *See* O.R.C. § 4511.44. Any person who violates said provision is guilty of a misdemeanor. *Id.*

31) Under the common law and the motor vehicle safety statutes of the State of Ohio, John Doe owed Plaintiff Kelly Lincoln a duty to operate the Department's vehicle consistent with Ohio motor vehicle safety statutes, and to exercise reasonable care to avoid causing her injury.

32) By failing to check for oncoming traffic prior to executing a left turn onto Broad Street, unlawfully executing said turn against an opposing lane of traffic, and causing the motor vehicle accident described above, John Doe failed to exercise reasonable care, operated the Department's vehicle in violation of Ohio motor vehicle safety statutes, and breached the duties he owed to Plaintiff Kelly Lincoln.

33) As a direct and proximate result of John Doe's negligence, Plaintiff Kelly Lincoln sustained significant and permanent bodily injuries.

34) As a direct and proximate result of John Doe's negligence, Plaintiff Kelly Lincoln sustained property damage.

35) As a direct and proximate result of John Doe's negligence, the Plaintiff Kelly Lincoln has endured medical expenses, mental anguish, pain and suffering, emotional distress, annoyance and inconvenience, among other damages, including lost wages and lost earning capacity.

36) Plaintiff's losses are permanent, and she will suffer losses in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kelly Lincoln demands judgment from Defendant United States of America in the amount of $1,000,000.00, together with any prejudgment and post judgment interest as provided by law, all costs expended herein, attorney fees, and such other relief as the Court may deem proper and just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON THE ISSUES SO TRIABLE

Dated this 18th day of July, 2022.

Respectfully submitted,

/s/Kelly J. Guice
Kelly J. Guice, Esq. (OH Bar #0065980)
Jan Dils, Attorneys at Law
963 Market Street
Parkersburg, WV 26101
(304) 428-8900 x1035
kellyg@jandils.com
*Counsel for Plaintiff*